**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EDWARD GREENLAND | |
| Appellant | No. 888 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0002408-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EDWARD GREENLAND | |
| Appellant | No. 889 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 7, 2021
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0000315-2020

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2022**

Appellant, James Edward Greenland, pleaded nolo contendere in two cases to various sexual offenses against two minors. The trial court sentenced Appellant to a term of imprisonment and designated him as a sexually violent predator ("SVP") pursuant to the Sexual Offender Registration and Notification

Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. Appellant filed a timely notice of appeal, and we consolidated the above-captioned cases *sua sponte*.

Appellant argues in this appeal that the court erred by designating him as an SVP without considering documents from the Department of Veteran Affairs ("VA") relating to his mental health while he served in the military. We vacate Appellant's SVP designation and remand to the trial court for further proceedings.

On December 10, 2020, Appellant pleaded *nolo contendere* in the Court of Common Pleas of Cumberland County to aggravated indecent assault and corruption of minors (both graded as felonies) at No. 2408-2019 and to two counts of indecent assault (both graded as misdemeanors) at No. 315-2020. The court directed the Sexual Offenders Assessment Board ("SOAB") to assess whether Appellant should be designated as an SVP under SORNA. Dr. Robert Stein, a member of the SOAB, performed the assessment.

The court continued sentencing twice, once from mid-March 2021 to April 8, 2021 due to court unavailability and then from April 8, 2021 to June 3, 2021 in order for Appellant to obtain mental health records from the VA. Appellant asserted that the mental health records were relevant to the question whether the court should classify him as an SVP.

On May 28, 2021, Appellant moved for a third continuance because he had not yet received the VA records. The court denied this motion. At an evidentiary hearing on June 3, 2021, the Commonwealth presented expert testimony from Dr. Stein that Appellant met the criterial for an SVP. The

Commonwealth stated during the hearing, however, that it would not object to re-opening the record in the event that Appellant later received the VA records. N.T., 6/3/21, at 5, 54-55. The court stated that it would re-open the record when Appellant received the records. Pa.R.A.P. Opinion, 8/5/21, at 12 n.11. The court nonetheless found that Appellant met the criteria for an SVP and classified him as such. N.T., 6/3/21, at 59-60.

Appellant raises the following issues in this appeal:

I. Did The Court Err When It Classified [Appellant] As [An SVP] In Violation Of His Right To Due Process Under The Constitutions Of The United States And The Commonwealth Of Pennsylvania?

II. Did The Court Err When It Classified [Appellant] As [An SVP] Where The Evidence Was Insufficient To Support The Classification?

Appellant's Brief at 7.[1]

In his first argument, Appellant contends that he was denied due process because the court denied his request to obtain mental health records from the VA. According to Appellant, these records may be relevant to the determination of whether he is an SVP.

On April 4, 2022, we ordered Appellant to advise whether he or his counsel have received the VA records. On April 19, 2022, counsel for Appellant notified us that she received the VA records. Based on (1) counsel's

---

[1] Appellant does not challenge his judgment of sentence. **_See Commonwealth v. Butler_**, 226 A.3d 972 (Pa. 2020) (statutory requirements applicable to SVP's does not constitute criminal punishment).

representation that she has the VA records, (2) the trial court's statement that it would re-open the record when Appellant received these records, and (3) the Commonwealth's representation that it would not oppose re-opening the record when Appellant received the records, we conclude that the proper remedy is to vacate the court's June 3, 2021 determination that Appellant is an SVP and remand for further proceedings on this issue.

In effect, we grant relief on Appellant's due process challenge in his first argument by ordering further evidentiary proceedings below on the SVP issue. Furthermore, our decision to order further proceedings below renders Appellant's second argument, a challenge to the sufficiency of the evidence on the SVP issue, premature, because the trial court should have the first opportunity to evaluate the sufficiency of the evidence based on a complete evidentiary record.

Judgment of sentence affirmed. Order designating Appellant as an SVP vacated. Case remanded for further proceedings concerning whether Appellant is an SVP. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/17/2022